**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIO CORTEZ BENITEZ, | No. 13-16926 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00560-RCB |
| v. | |
| COUNTY OF MARICOPA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Robert C. Broomfield, Senior District Judge, Presiding

Argued and Submitted June 13, 2016
San Francisco, California

Before: CLIFTON and IKUTA, Circuit Judges and LAMBERTH,[**] Senior District Judge.

Plaintiff Sergio Cortez Benitez appeals from the district court's order

dismissing his Americans with Disabilities Act claim. We have jurisdiction and

we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Royce C. Lamberth, Senior District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

Benitez brought this action against the County of Maricopa alleging that prison officers unlawfully denied him the use of his cane and that he was injured as a result. Before filing suit, he lodged an inmate grievance with the prison and was granted an ADA accommodation. Benitez subsequently filed an internal appeal in an attempt to secure follow-up medical care. Although he was not satisfied with the results of that appeal, he failed to file an external appeal form, and thus, did not complete the final stage of the prison's administrative grievance process. The district court dismissed Benitez's ADA claim pursuant to the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), based on his failure to exhaust administrative remedies.

Benitez's first contention is that because the prison granted his request for an ADA accommodation, he had no obligation to appeal from the satisfactory resolution of his ADA grievance. But the Supreme Court has held that a prisoner is required to "exhaust administrative remedies even where the relief sought – monetary damages – cannot be granted by the administrative process." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Booth v. Churner*, 532 U.S. 731, 739 (2001) ("Congress meant to require procedural exhaustion regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible."). Therefore, Benitez had an obligation to exhaust the external appeal process even

though he was partially satisfied by the grant of an ADA accommodation. Although monetary damages were not available through the prison grievance process, if the prison had been notified that Benitez was not satisfied with the relief it had provided, it could have attempted to resolve this dispute using other available remedies.

Benitez's reliance on *Harvey v. Jordan*, 605 F.3d 681 (9th Cir. 2010), is misplaced. There, we explained that an "inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies." *Id.* at 685. But this case is not like *Harvey*, which turned on the fact that the prisoner was induced into abandoning his appeal by the unfulfilled promise of relief.

Benitez's second argument is that the County failed to establish that an external appeal was "available" to him. Failure to exhaust is an affirmative defense, and therefore, it is the defendant's burden to "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). If the defendant carries its burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that

made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

Here, the County satisfied its burden by providing the declaration of Sergeant Lourdes Hernandez to establish the availability of the external grievance appeal process and to establish that Benitez did not exhaust it. In addition, it is undisputed that Benitez received a document that described the external grievance appeal procedure, and that he failed to follow the instructions that he was provided. The burden then shifted to Benitez to come forward with evidence to show that the external appeal process was not effectively available to him. Benitez failed to satisfy that burden because he did not introduce any such evidence to the district court.

Benitez's final argument is that even if he were required to exhaust additional administrative remedies, he satisfied that requirement by filing additional grievances to obtain follow-up medical care. Although some courts have held that exhaustion is satisfied if prison officials decide a procedurally flawed grievance on the merits, it appears that the merits of Benitez's ADA claim were not at issue in his additional grievances. According to Benitez, "[t]he remaining relief requested related to Maricopa County's failure to provide adequate follow-up medical care, which is not at issue in this appeal of the

4

dismissal of Mr. Benitez's ADA claim."  As a result, the additional grievances could not cure Benitez's failure to exhaust his ADA claim.  And in any event, Benitez did not administratively exhaust the additional grievances.[1]

**AFFIRMED.**

---

[1] Attorneys appointed by the court to represent pro se appellants pro bono may seek reimbursement for certain necessary and reasonable costs incurred in their representation.  *See* Pro Bono Program Handbook, available at www.ca9. uscourts.gov/probono.